## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

JIM THRELKEL FLORIST & FOLIAGE, INC., a Florida Profit Corporation, including all of its officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns and JEFFREY A. SOPHIR, including his heirs, representatives, attorneys, successors, and assigns, (hereinafter collectively referred to as "Defendants") and KARL CARMON, including his heirs, representatives, attorneys, successors, and assigns ("Plaintiff"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

**Mutual General Release**: In consideration for the promises contained in this Settlement Agreement and General Release (the "Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of his employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement.

In addition, Plaintiff on his own behalf and on behalf of anyone who could claim by or through his release and forever discharge Defendants, including but not limited to the parties specifically identified in this release, JEFFREY A. SOPHIR his heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees, ever had or now have or in the future may have, by reason of any matter and any current and former predecessors, successors, assigns, officers, directors, agents, employees, and all affiliated, parent or subsidiary companies or divisions of JIM THRELKEL FLORIST & FOLIAGE, INC., from any and all claims related in any way to wages, compensation, or remuneration of whatsoever kind now existing, known or unknown, including but not limited to claims that may or could have been asserted under the Fair Labor Standards Act, as amended, or the Florida Civil Rights Act of 1992, as amended.

The claims released and discharged include, but are not limited to, all claims asserted, or which could have been asserted, under federal, state, or local constitution, statute, regulation, or common law related in any way to claims of unpaid wages, compensation, retaliation or that have or could have arisen with respect to Plaintiff's employment with the Defendants. Furthermore, Plaintiff hereby remises, acquits, releases, satisfies and discharges, on his own behalf and on behalf of anyone who could claim by or through him, Defendants, its predecessors and successors in interest, assignees, parents, subsidiaries, divisions and related companies and entities, and their past, present and future shareholders, officers, directors, employees, agents, attorneys, insurers, professional employer organization, contract staffing company, and other representatives, in their individual and official capacities, and their heirs and legal representatives, of and from, any and all claims and demands, past, present or future, known or

unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which Plaintiff and his attorneys, jointly and severally, and his heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees, ever had or now have or in the future may have, by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of the execution of this Agreement, including, but not limited to, any and all claims which were actually asserted or might have been asserted by Plaintiff against the Defendants and further including, but not limited to, all claims for salary, wages, compensation, monetary relief, employment, benefits, including but not limited to any claims for bonuses, merit and longevity increases, commissions, and all other benefits of all kind, earnings, back pay, front pay, compensatory damages, punitive damages, damage to character, damage to reputation, and other damages, emotional distress, mental anguish, depression, injury, impairment in locating employment, financial loss, home foreclosure, pain and suffering, being made whole, injunctive and declaratory relief, interest, attorneys fees and costs (except as otherwise provided in this Agreement), specifically including any and all claims growing out of, resulting from, or connected in any way to Plaintiff's relationship and/or employment, and the termination thereof, including any and all claims for discrimination, including but not limited to discrimination on the basis of race, national origin, citizenship, color, religion, marital status, handicap or disability, age, sex, harassment of any kind, including sexual harassment, retaliation, whistle blowing, breach of contract, rescission, promises, claims under the Employee Retirement Income Security Act of 1974, as amended, torts of all kind, including but not limited to misrepresentation, negligent or otherwise, fraud, defamation, slander, libel, worker's compensation retaliation, interference with an advantageous business relationship, negligent employment, including negligent hiring, negligent retention and negligent supervision, claims or rights under state and federal whistleblower legislation including Section 448.101-448.105, Fla. Stat., the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended ("COBRA"), the Health Insurance Portability and Accountability Act of 1996, as amended, ("HIPAA"), the Florida Health Insurance Coverage Continuation Act, as amended ("FHICCA"), the Family and Medical Leave Act, as amended ("FMLA"), the Congressional Accountability Act of 1995, as amended, the Americans with Disabilities Act, as amended ("ADA"), the Rehabilitation Act of 1973, as amended, the Internal Revenue Code, as amended ("IRC"), Title VII of the Civil Rights Act of 1964, as amended ("CRA"), the Florida Civil Rights Act of 1992, as amended ("FCRA"), the Fair Credit Reporting Act, as amended, the Uniformed Services Employment and Reemployment Rights Act of 1994, as amended ("USERRA"), the National Labor Relations Act, as amended ("NLRA"), the Worker Adjustment and Retraining Notification Act, as amended ("WARN"), the Occupational Safety and Health Act, as amended ("OSHA"), the Fair Labor Standards Act, as amended ("FLSA"), and any other claim of any kind.

Plaintiff on his own behalf and on behalf of anyone who could claim by or through him further specifically waive any rights of action and administrative and judicial relief which they might otherwise have available in the state and federal courts, including all common law claims and claims under federal and state constitutions, statutes and regulations and federal executive orders and county and municipal ordinances and regulations.

This Release also includes all claims which were, or could have been, asserted in the lawsuit styled <u>KARL CARMON v. JIM THRELKEL FLORIST & FOLIAGE, INC., a Florida Profit Corporation and JEFFREY A. SOPHIR</u>; Case Number 14-61207-civ-Gayles/Turnoff, currently pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

**Settlement Amount and Attorney's Fees:** In consideration of the promises of Plaintiff as set forth herein, the Defendants agree to pay a total of Seven Thousand Dollars and No Cents ($7,000.00) in three separate payments. Defendants shall provide Plaintiff's counsel, Schwartz Roller LLP, Trust Account with a payment in the amount of Three Thousand Five Hundred Dollars and No Cents ($3,500.00) within five (5) days of Execution of this agreement, to be held in Trust by Plaintiff's counsel until the Settlement is approved by the Court.

Upon approval of Settlement by the Court, Defendants shall pay within thirty (30) days after the Execution of this Agreement to Plaintiff's counsel's, Schwartz Roller LLP, Trust Account a payment in the amount of One Thousand Seven Hundred Fifty Dollars and No Cents ($1,750.00).

Within thirty (30) days thereafter, Defendants shall pay Plaintiff's counsel's, Schwartz Roller LLP, Trust Account a final payment in the amount of One Thousand Seven Hundred Fifty Dollars and No Cents ($1,750.00).

Plaintiff acknowledges that this payment is in settlement of a disputed claim and that he is receiving the consideration only in exchange for the execution of this Agreement. Plaintiff acknowledges that the settlement amount represents full and final payment of his claims against Defendants.

Of the settlement proceeds, Plaintiff KARL CARMON shall receive a total of Four Thousand Dollars and No Cents ($4,000.00), and the firm of Schwartz Roller LLP, shall receive the amount of Three Thousand Dollars and No Cents ($3,000.00) as payment for fees and costs incurred in this case.

The Plaintiff releases Defendants from any other claim for attorney's fees and costs except as otherwise provided in this Agreement.

**Indemnification:** Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder, including, without limitation, Plaintiff, the IRS, or any other person.

**Non-Admission Clause:** By entering into this Agreement, the Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or

- 3 -



that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

**Non Disparaging Remark:** The parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants will only provide dates of employment, and/or positions held, and/or rates of pay.

**Jurisdiction:** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida.

**Enforcement.** In the event any action is commenced to enforce this Agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs. The Court for the Southern District of Florida in which the aforementioned case is currently pending retains jurisdiction to enforce this agreement.

**Dismissal of Lawsuit:** Within five (5) days of signing this Agreement by Defendants and delivery to Plaintiff's counsel of a fully executed copy of this agreement, Plaintiff's Counsel agrees to file with the Court in the Litigation a Motion for Approval of the Parties Settlement Agreement and Dismissal With Prejudice of all claims asserted by Plaintiff in this Litigation with the Court to maintain jurisdiction to enforce the terms of this Agreement, along with a proposed Order. Plaintiff agrees not to appeal the decision if the Agreement is approved by the Court. Should the Court for whatever reason not approve the Agreement it shall become void.

**Severability:** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

**Entire Agreement:** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

**Voluntariness:** Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

**Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement.

**No Re-Employment:** Plaintiff waives any claim for reinstatement, and agrees not to seek re-employment with Defendants or any of their present or future subsidiary companies or

- 4 -

divisions. Plaintiff agrees that any attempt to obtain such re-employment shall constitute a breach of this Agreement.

**Confidentiality:** This Agreement may be specifically enforced and may be used as evidence in any action relating to the breach of this Settlement Agreement, but otherwise, other than the disclosure to this Court for the purposes of approving this Settlement, the Parties agree this Settlement and the specific amount Plaintiff is entitled to receive under this Settlement Agreement shall be kept confidential and shall not be disclosed to any third party at any time, except to their Counsel, Accountant, or unless otherwise required by process of law. By receipt of the Settlement Amount set forth above, the Plaintiff expressly agrees that the terms of this settlement (including but not limited to the amount of consideration paid hereunder) will not be discussed either directly or indirectly with any past, present or future employees of the Defendants or any other persons. The parties further agree that should Plaintiff be found to have breached any provision of this paragraph, he shall be liable to Defendants for any damages caused as a result thereof. The prevailing party to a suit for breach of any of the terms of this Settlement Agreement is entitled to all attorneys' fees and costs, jointly and severally, from the nonprevailing party.

**No Other Representations:** Plaintiff acknowledges that: (1) no promise or agreement not expressed in this Agreement has been made; (2) this Agreement is not executed in reliance upon any statement or representation made by Defendants or by any person employed by or representing Defendants other than the statements contained in the Agreement itself; and (3) the terms of this Agreement are contractual and not merely recitals.

**PLAINTIFF:**

KARL CARMON

By: _____
KARL CARMON

Date: 7/17/14

**DEFENDANTS:**

JIM THRELKEL FLORIST & FOLIAGE INC.

By: _____
Name: JEFFREY A. SOPHIR
Title: President

Date: 7-28-14

JEFFREY A. SOPHIR

By: _____
JEFFREY A. SOPHIR

Date: 7-28-14

J:\WPDocs\5334.001 Jim Threlkel Florist\Proposed Settlement Agreement and Mutual Release Ag rev - Carmon Karl (3) [CLEAN-FINAL].doc

- 5 -